COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA : **INDICTMENT**

- v. - : 14 Cr. ____

14 CRIM 741

IRVING RUBIN,
a/k/a "Joseph Rubin,"
YEHUDA RUBIN,
a/k/a "Yidel Rubin,"
PINCHUS GLAUBER,
MARTIN KOFMAN,
JOEL KOPPEL,
a/k/a "Yoel Koppel,"
a/k/a "Joel Kopple,"
BENZION KRAUS,
a/k/a "Benzion Krauz,"
a/k/a "Benzion Krause,"
HERMAN MAUSKOPF,
ABRAHAM RUBIN,
DESIREE RUBIN,
a/k/a "Henchy Rubin,"
JACOB RUBIN,
a/k/a "Yaakov Rubin,"
JOEL RUBIN,
a/k/a "Yoel Rubin,"
RACHEL RUBIN,
a/k/a "Ruchy Rubin,"
RIFKA RUBIN,
a/k/a "Sura Rubin,"
RIVKY RUBIN,
a/k/a "Rivka Rubin," and
SAMUEL RUBIN,
a/k/a "Shaye Rubin,"

Defendants.

- - - - - - - - - - - - - - - - - - x

COUNT ONE

(Conspiracy to Commit Bank Fraud and Wire Fraud)

The Grand Jury charges:

BACKGROUND

1. At times relevant to this Indictment:

a. IRVING RUBIN, the defendant, was a purported real estate developer. IRVING RUBIN's son, YEHUDA RUBIN, the defendant, was a purported mortgage broker and real estate developer;

b. IRVING RUBIN, as well as his brothers ABRAHAM RUBIN, JACOB RUBIN, and SAMUEL RUBIN, the defendants; his sons YEHUDA RUBIN and JOEL RUBIN, the defendants; his wife, DESIREE RUBIN, the defendant; and his relatives-in-law JOEL KOPPEL, BENZION KRAUS, RIFKA RUBIN, RACHEL RUBIN, and RIVKY RUBIN, the defendants, claimed to own properties in Brooklyn, New York, as well as in Manhattan and Orange County, New York;

c. MARTIN KOFMAN, the defendant, was a real estate lawyer licensed to practice in New York; and

d. PINCHUS GLAUBER, the defendant, was a real estate appraiser licensed in New York.

THE SCHEME TO DEFRAUD

2. From at least in or about 2004 through in or about 2014, IRVING RUBIN, a/k/a "Joseph Rubin," YEHUDA RUBIN, a/k/a "Yidel Rubin," PINCHUS GLAUBER, MARTIN KOFMAN, JOEL KOPPEL, a/k/a "Yoel Koppel," a/k/a "Joel Kopple," BENZION KRAUS, a/k/a

"Benzion Krauz," a/k/a "Benzion Krause," ABRAHAM RUBIN, DESIREE RUBIN, a/k/a "Henchy Rubin," JACOB RUBIN, a/k/a "Yaakov Rubin," JOEL RUBIN, a/k/a "Yoel Rubin," RACHEL RUBIN, a/k/a "Ruchy Rubin," RIFKA RUBIN, a/k/a "Sura Rubin," RIVKY RUBIN, a/k/a "Rivka Rubin," and SAMUEL RUBIN, a/k/a "Shaye Rubin," the defendants, and others known and unknown, fraudulently obtained mortgage loans and other loans from banks and other lending institutions (the "lenders"). The defendants obtained the loans by providing materially false information to the lenders about the borrowers' assets and liabilities, including but not limited to false information about the borrower's employment, income, bank accounts, and primary residence. Through their scheme, the defendants fraudulently obtained more than $20 million in loan proceeds in connection with more than twenty fraudulent loans. The majority of the loans went into default, and millions of dollars in loan proceeds were not repaid.

3. As part of the scheme to defraud, the defendants used the fraudulent loan proceeds to personally enrich themselves and their families. Fraudulently obtained loan proceeds were used toward, among other things, (i) credit card debts for personal expenses of defendants, (ii) personal home mortgage payments of defendants, (iii) other real estate development projects including projects from which the defendants and others earned rental income, and (iv) debts arising from other fraudulently obtained loans, to conceal the fraudulent nature of these loans.

4. As part of the scheme to defraud, the defendants and others known and unknown also engaged in extensive efforts to perpetuate and conceal the fraudulent scheme. These efforts included, but were not limited to:

a. numerous members of the conspiracy acting as the borrowers for different loans, falsely claiming that the purpose of the loans was to purchase or refinance their primary residence, when, in fact the property was not their primary residence, and the loan proceeds were later distributed to other members of the conspiracy and to entities they controlled;

b. the common claim by multiple co-conspirators acting as borrowers of sole ownership or control of assets or bank accounts, to give the false appearance of creditworthiness, when in fact the assets and/or bank accounts were non-existent or were owned and controlled by other members of the conspiracy, and the borrower either had joint or no ownership of them;

c. sham transfers of ownership of properties from one member of the conspiracy to another, or to other trusted individuals, thereby confounding attempts by lenders to recover on defaulted loans and facilitating further fraudulent borrowing against the properties; and

d. following default on a fraudulently obtained loan, coordinated efforts to deceive the lender into granting a satisfaction of the debt at a significant loss, such as by

proposing short sales of properties that, unbeknownst to the lender, were not arm's-length transactions.

5. In furtherance of the scheme to defraud, members of the conspiracy participated in fraudulently obtaining loans in several ways, including but not limited to the following:

a. YEHUDA RUBIN, the defendant, was an organizer of the fraudulent scheme. YEHUDA RUBIN personally participated in at least ten of the particular fraudulent loans, in various roles, including as borrower, borrower's power of attorney, mortgage broker, distributor of fraudulent loan proceeds, and arranger of short sales.

b. IRVING RUBIN, DESIREE RUBIN, ABRAHAM RUBIN, JACOB RUBIN, SAMUEL RUBIN, JOEL RUBIN, RIVKY RUBIN, RACHEL RUBIN, JOEL KOPPEL, RIFKA RUBIN, and BENZION KRAUSE, the defendants, were borrowers who fraudulently obtained loans from banks and other lenders. Working in concert with co-conspirators, they obtained loans upon false representations and pretenses. IRVING RUBIN, ABRAHAM RUBIN, JACOB RUBIN, SAMUEL RUBIN, and JOEL RUBIN, among others, also participated in the scheme by, among other things, (i) obtaining ownership of properties, (ii) assisting other borrowers in making false representations, (iii) receiving fraudulent loan proceeds, (iv) obtaining and distributing rental income on the properties, and (v) assisting in efforts to prevent or dissuade a lender from collecting on a defaulted loan.

c. MARTIN KOFMAN, the defendant, acted as real estate attorney on numerous transactions associated with the fraudulent loans, including closings. KOFMAN, through his law firm's trust account, distributed fraudulent loan proceeds between and among members of the conspiracy. KOFMAN also provided false information to lenders, including "show checks," to deceive a bank into believing that the borrower had made a down payment toward the purchase of a property, when in fact the borrower made no such payment and the checks were ultimately deposited back into the law firm's trust account.

d. PINCHUS GLAUBER, the defendant, completed multiple appraisals of properties in connection with particular fraudulent loans. GLAUBER included false information in the appraisals, including about the detail with which he had inspected the properties he appraised. The estimated value of certain properties appraised by GLAUBER was false and inflated.

6. At the same time that the defendants were representing to banks that they had substantial income and assets, they were also representing to state and local agencies that they had little or no income and assets and were entitled to receive various forms of public assistance, including Medicaid, Food Stamps, and Home Energy Assistance Program ("HEAP") benefits. For example:

a. YEHUDA RUBIN and RACHEL RUBIN, the defendants, received Medicaid and Food Stamps at various times during the

conspiracy. To receive benefits, they claimed, among other things, that their only income was $180 per month, and later $360 bi-weekly, from RACHEL RUBIN's employment. To receive loans totaling more than $1 million, on the other hand, YEHUDA RUBIN claimed that he was employed, earning more than $17,000 per month in employment and rental income, and RACHEL RUBIN claimed that she was employed, earning $14,000 per month.

b. JOEL RUBIN and RIVKY RUBIN, the defendants, received Medicaid and Food Stamps at various times during the conspiracy. To receive benefits, they claimed, among other things, that they were homeless, and later that their only income was $130 per week and $180 per week. To receive loans totaling more than $1 million, on the other hand, they claimed that RIVKY RUBIN was employed and had an income of $12,000 per month.

c. SAMUEL RUBIN, the defendant, received Medicaid and Food Stamps at various times during the conspiracy. To receive benefits, SAMUEL RUBIN claimed, among other things, an income of $200 per week and $0 in financial resources. To receive loans in excess of $7 million, however, SAMUEL RUBIN claimed an income of more than $350,000 per year and a net worth of more than $10 million.

d. IRVING RUBIN and DESIREE RUBIN, the defendants, received Medicaid at various times during the conspiracy. To receive benefits, IRVING RUBIN and DESIREE RUBIN claimed, among

other things, that their only income was $1,200 per week, from IRVING RUBIN's employment at Tristate Management. To receive a loan in excess of $500,000, on the other hand, IRVING RUBIN and DESIREE RUBIN claimed, among other things, that DESIREE RUBIN was employed at Tristate Management with a monthly income of $16,000.

7. As part of the scheme to defraud, the defendants defrauded financial institutions, as that term is defined under Title 18, United States Code, Section 20. The defendants also used and caused to be used interstate wire communications in furtherance of the scheme to defraud.

8. In furtherance of the conspiracy and to effect the illegal objects thereof, the defendants, and others known and unknown, fraudulently obtained mortgage loans and other loans in connection with numerous properties, including but not limited to the properties described below, making misrepresentations concerning, among other subjects, the subjects below:

| Property | BORROWER | APPROXIMATE LOAN AMOUNT | LOAN YEAR | Subjects of False and Fraudulent Misrepresentations |
|---|---|---|---|---|
| 5 Kosnitz Drive, Monroe | RACHEL RUBIN | $260,000 | 2007 | employment, income, bank account |
| | RACHEL RUBIN | $136,000 | 2007 | employment, income |
| 53 West 119th St., Manhattan | YEHUDA RUBIN | $1,050,000 | 2006 | primary residence, employment, income |
| | YEHUDA RUBIN | $350,000 | 2007 | primary residence, employment, income |
| 418 Lafayette Ave., Brooklyn | DESIREE RUBIN | $533,000 | 2006 | primary residence, employment, income, bank account |
| 63 South 4th St., Brooklyn | RIVKY RUBIN | $1,000,000 | 2006 | primary residence, employment, income |
| 103-105 Skillman St. Unit 7R, Brooklyn | YEHUDA RUBIN - as power of attorney | $370,000 | 2007 | primary residence, employment |
| 115 Hart St., Brooklyn | JOEL KOPPEL | $487,000 | 2012 | rent and tenant information |
| 119-121 Hart. St., Brooklyn | YEHUDA RUBIN | $512,000 | 2007 | primary residence, income, employment |
| | YEHUDA RUBIN | $148,000 | 2007 | primary residence |
| 863 Hancock St., Brooklyn | SAMUEL RUBIN | $700,000 | 2010 | rent and tenant information |
| 872 Bedford Ave., Unit 2, Brooklyn | RACHEL RUBIN | $225,000 | 2006 | primary residence, employment, income |
| | IRVING RUBIN | $292,000 | 2005 | primary residence |
| 872 Bedford Ave., Unit 3, Brooklyn | BENZION KRAUS | $285,000 | 2007 | bank account, purchase price |

| | | | | |
|---|---|---|---|---|
| 860 Bedford Ave., Unit 1, Brooklyn | RIFKA RUBIN | $536,000 | 2005 | employment, income, bank account |
| 860 Bedford Ave., Unit 2, Brooklyn | RIFKA RUBIN | $216,000 | 2006 | employment, income, bank account |
| 874 Bedford Ave., Unit 3, Brooklyn | ABRAHAM RUBIN | $250,000 | 2006 | primary residence, income |
| | ABRAHAM RUBIN | $250,000 | 2006 | primary residence, income |
| | ABRAHAM RUBIN | $250,000 | 2006 | primary residence, income |
| 268 Wallabout St., Unit 1, Brooklyn | RIVKY RUBIN | $440,000 | 2006 | income, employment |
| | RIVKY RUBIN | $300,000 | 2007 | income, employment |
| 366 South 5th St., Brooklyn | SAMUEL RUBIN | $2,600,000 | 2013 | assets, net worth, rent information |
| 374 South 5th St., Brooklyn | SAMUEL RUBIN | $2,500,000 | 2013 | assets, net worth, rent information |
| 35 Vernon St., Brooklyn | JOEL KOPPEL | $487,000 | 2013 | rent and tenant information |
| 9720 Kings Hwy., Brooklyn | SAMUEL RUBIN | $7,200,000 | 2009 | down payment, assets, net worth |

**STATUTORY ALLEGATIONS**

9. From in or about 2004 through in or about 2014, in the Southern District of New York and elsewhere, IRVING RUBIN, a/k/a "Joseph Rubin," YEHUDA RUBIN, a/k/a "Yidel Rubin," PINCHUS GLAUBER, MARTIN KOFMAN, JOEL KOPPEL, a/k/a "Yoel Koppel," a/k/a "Joel Kopple," BENZION KRAUS, a/k/a "Benzion Krauz," a/k/a "Benzion Krause," ABRAHAM RUBIN, DESIREE RUBIN, a/k/a "Henchy Rubin," JACOB RUBIN, a/k/a "Yaakov Rubin," JOEL RUBIN, a/k/a

"Yoel Rubin," RACHEL RUBIN, a/k/a "Ruchy Rubin," RIFKA RUBIN, a/k/a "Sura Rubin," RIVKY RUBIN, a/k/a "Rivka Rubin," and SAMUEL RUBIN, a/k/a "Shaye Rubin," the defendants, together with others known and unknown, unlawfully and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, bank fraud and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1344.

10. It was a part and an object of the conspiracy that IRVING RUBIN, a/k/a "Joseph Rubin," YEHUDA RUBIN, a/k/a "Yidel Rubin," PINCHUS GLAUBER, MARTIN KOFMAN, JOEL KOPPEL, a/k/a "Yoel Koppel," a/k/a "Joel Kopple," BENZION KRAUS, a/k/a "Benzion Krauz," a/k/a "Benzion Krause," ABRAHAM RUBIN, DESIREE RUBIN, a/k/a "Henchy Rubin," JACOB RUBIN, a/k/a "Yaakov Rubin," JOEL RUBIN, a/k/a "Yoel Rubin," RACHEL RUBIN, a/k/a "Ruchy Rubin," RIFKA RUBIN, a/k/a "Sura Rubin," RIVKY RUBIN, a/k/a "Rivka Rubin," and SAMUEL RUBIN, a/k/a "Shaye Rubin," the defendants, together with others known and unknown, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property from financial institutions by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and

sounds, to wit, emails, telephone calls, faxes, and wire transfers, in violation of Title 18, United States Code, Section 1343.

11. It was a further object of the conspiracy that IRVING RUBIN, a/k/a "Joseph Rubin," YEHUDA RUBIN, a/k/a "Yidel Rubin," PINCHUS GLAUBER, MARTIN KOFMAN, JOEL KOPPEL, a/k/a "Yoel Koppel," a/k/a "Joel Kopple," BENZION KRAUS, a/k/a "Benzion Krauz," a/k/a "Benzion Krause," ABRAHAM RUBIN, DESIREE RUBIN, a/k/a "Henchy Rubin," JACOB RUBIN, a/k/a "Yaakov Rubin," JOEL RUBIN, a/k/a "Yoel Rubin," RACHEL RUBIN, a/k/a "Ruchy Rubin," RIFKA RUBIN, a/k/a "Sura Rubin," RIVKY RUBIN, a/k/a "Rivka Rubin," and SAMUEL RUBIN, a/k/a "Shaye Rubin," the defendants, together with others known and unknown, would and did execute a scheme and artifice to defraud financial institutions, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institutions, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

(Title 18, United States Code, Section 1349.)

**COUNT TWO**

**(Conspiracy to Make False Statements to Lenders)**

The Grand Jury further charges:

12. The allegations set forth in paragraphs 1 through 11 are repeated and realleged as if set forth fully herein.

13. From in or about 2004 through in or about 2014, in the Southern District of New York and elsewhere, IRVING RUBIN, a/k/a "Joseph Rubin," YEHUDA RUBIN, a/k/a "Yidel Rubin," PINCHUS GLAUBER, MARTIN KOFMAN, JOEL KOPPEL, a/k/a "Yoel Koppel," a/k/a "Joel Kopple," BENZION KRAUS, a/k/a "Benzion Krauz," a/k/a "Benzion Krause," ABRAHAM RUBIN, DESIREE RUBIN, a/k/a "Henchy Rubin," JACOB RUBIN, a/k/a "Yaakov Rubin," JOEL RUBIN, a/k/a "Yoel Rubin," RACHEL RUBIN, a/k/a "Ruchy Rubin," RIFKA RUBIN, a/k/a "Sura Rubin," RIVKY RUBIN, a/k/a "Rivka Rubin," and SAMUEL RUBIN, a/k/a "Shaye Rubin," the defendants, together with others known and unknown, unlawfully and knowingly did combine, conspire, confederate and agree together and with each other to commit an offense against the United States, in violation of Title 18, United States Code, Section 1014.

14. It was a part and an object of the conspiracy that IRVING RUBIN, a/k/a "Joseph Rubin," YEHUDA RUBIN, a/k/a "Yidel Rubin," PINCHUS GLAUBER, MARTIN KOFMAN, JOEL KOPPEL, a/k/a "Yoel Koppel," a/k/a "Joel Kopple," BENZION KRAUS, a/k/a "Benzion Krauz," a/k/a "Benzion Krause," ABRAHAM RUBIN, DESIREE RUBIN, a/k/a "Henchy Rubin," JACOB RUBIN, a/k/a "Yaakov Rubin," JOEL RUBIN, a/k/a "Yoel Rubin," RACHEL RUBIN, a/k/a "Ruchy Rubin," RIFKA RUBIN, a/k/a "Sura Rubin," RIVKY RUBIN, a/k/a "Rivka Rubin," and SAMUEL RUBIN, a/k/a "Shaye Rubin," the defendants, together with others known and unknown, knowingly made false statements and reports, for the purpose of influencing in any

way the action of institutions the accounts of which were insured by the Federal Deposit Insurance Corporation, upon an application, advance, purchase, purchase agreement, commitment, and loan, in violation of Title 18, United States Code, Section 1014.

**OVERT ACTS**

15. In furtherance of the conspiracy and to effect the illegal object thereof, IRVING RUBIN, a/k/a "Joseph Rubin," YEHUDA RUBIN, a/k/a "Yidel Rubin," PINCHUS GLAUBER, MARTIN KOFMAN, JOEL KOPPEL, a/k/a "Yoel Koppel," a/k/a "Joel Kopple," BENZION KRAUS, a/k/a "Benzion Krauz," a/k/a "Benzion Krause," ABRAHAM RUBIN, DESIREE RUBIN, a/k/a "Henchy Rubin," JACOB RUBIN, a/k/a "Yaakov Rubin," JOEL RUBIN, a/k/a "Yoel Rubin," RACHEL RUBIN, a/k/a "Ruchy Rubin," RIFKA RUBIN, a/k/a "Sura Rubin," RIVKY RUBIN, a/k/a "Rivka Rubin," and SAMUEL RUBIN, a/k/a "Shaye Rubin," the defendants, the defendants, together with others known and unknown, committed the following overt acts, in the Southern District of New York and elsewhere:

a. On or about December 23, 2005, RIFKA RUBIN, the defendant, in connection with a loan associated with 860 Bedford Ave., Unit 1, Brooklyn, New York, signed a loan application stating that she had a bank account at Apple Bank.

b. On or about June 23, 2006, YEHUDA RUBIN, the defendant, signed an occupancy agreement stating that a property

located at 53 West 119th Street, New York, New York, would be his primary residence.

c. On or about December 4, 2006, DESIREE RUBIN, the defendant, signed a loan application stating that she had been employed for three years as owner of Tristate Management, and a monthly income of approximately $15,787.

d. On or about December 5, 2006, IRVING RUBIN, the defendant, made an approximately $1,300 payment to an individual, in partial exchange for the individual's transferring to DESIREE RUBIN, the defendant, ownership of the property at 418 Lafayette Avenue, Brooklyn, New York.

e. On or about June 27, 2007, PINCHUS GLAUBER, the defendant, completed an appraisal of a property located at 53 West 119th Street, New York, New York, valuing it at $1,500,000.

f. On or about July 25, 2007, JACOB RUBIN, the defendant, sold a property located at 103-105 Skillman Street, Brooklyn, New York.

g. On or about October 24, 2007, BENZION KRAUS, the defendant, in connection with a loan associated with 872 Bedford Avenue, Unit 3, Brooklyn, New York, signed a loan application stating, among other things, that he had a bank account at Apple Bank.

h. On or about January 22, 2008, JOEL RUBIN, the defendant, obtained ownership of a property located at 103-105 Skillman Street, Unit 7R, Brooklyn, New York.

i. On or about June 4, 2009, MARTIN KOFMAN, the defendant, submitted a letter in connection with a loan on a property at 9720 Kings Highway, Brooklyn, New York, stating that his firm was currently holding the sum of $2,000,000 in escrow.

j. On or about October 15, 2009, SAMUEL RUBIN, the defendant, in connection with a loan associated with 863 Hancock Street, Brooklyn, New York, signed a loan application stating that he had a bank account at Signature Bank and that his net worth was $10,215,000.

k. On or about May 10, 2010, ABRAHAM RUBIN, the defendant, submitted a letter stating that he had financial problems and that he sought a reduction of debts he owed in connection with a property located at 874 Bedford Avenue, Unit 3R, Brooklyn, New York.

l. On or about May 19, 2011, RACHEL RUBIN, the defendant, signed a letter stating that she and her husband, YEHUDA RUBIN, the defendant, had financial problems, in connection with an attempt to obtain a reduction of a debt she owed on a loan associated with the property at 5 Kosnitz Drive, Monroe, New York.

m. On or about August 24, 2011, RIVKY RUBIN, the defendant, signed a letter stating that she had "been hit by a storm of financial ruin," in connection with an attempt to obtain a reduction of a debt she owed on a loan associated with the property at 63 South 4th Street, Brooklyn, New York.

n. On or about March 15, 2012, JOEL KOPPEL, the defendant, on behalf of a Monroe, New York, entity, signed a purported lease agreement with a tenant of 115 Hart Street, Brooklyn, New York.

(Title 18, United States Code, Section 371.)

**COUNTS THREE THROUGH ELEVEN**

**(Bank Fraud)**

The Grand Jury further charges:

16. The allegations set forth in paragraphs 1 through 15 are repeated and realleged herein.

17. On or about the dates set forth below, in the Southern District of New York and elsewhere, the below-named defendants willfully and knowingly did execute, and attempt to execute, a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretense, representations and promises, to wit, the below-named defendants and others participated in schemes to defraud the below-listed lenders by obtaining mortgages, home equity lines of credit ("HELOC"s) and other loans upon materially false representations about the borrower's employment, income, bank accounts, and primary residence,

including but not limited to misrepresentations concerning the subjects listed below:

| Count | DEFENDANT(S) | Lender | Loan/ Property | Loan Year | Subject(s) of False and Fraudulent Misrepresentation(s) |
|---|---|---|---|---|---|
| 3 | YEHUDA RUBIN<br>RACHEL RUBIN | Bank of America | mortgage/ 5 Kosnitz Dr., Monroe | 2007 | borrower's employment, income, bank account |
| 4 | YEHUDA RUBIN<br>RACHEL RUBIN | Bank of America | HELOC/ 5 Kosnitz Dr., Monroe | 2007 | borrower's employment, income |
| 5 | YEHUDA RUBIN | National City Bank | second mortgage/ 53 West 119th Street, New York, New York | 2006 | borrower's primary residence, employment, income |
| 6 | IRVING RUBIN<br>YEHUDA RUBIN<br>DESIREE RUBIN | Bank of America | mortgage/ 418 Lafayette Ave., Brooklyn | 2006 | borrower's primary residence, employment, income, bank account |
| 7 | YEHUDA RUBIN | Bank of America | mortgage/ 103-105 Skillman Unit 7R, Brooklyn | 2007 | borrower's primary residence, employment |
| 8 | JOEL KOPPEL | Cross County Savings Bank | refinance/ 115 Hart St., Brooklyn | 2012 | rent and tenant information |

| | | | | | |
|---|---|---|---|---|---|
| 9 | YEHUDA RUBIN | Bank of America | mortgage/ 119-121 Hart St., Brooklyn | 2007 | borrower's primary residence, income, employment |
| 10 | YEHUDA RUBIN | Bank of America | HELOC/ 119-121 Hart St., Brooklyn | 2007 | borrower's primary residence |
| 11 | IRVING RUBIN | Credit Suisse First Boston Fin. Corp. | Mortgage/ 872 Bedford Ave., Unit 2, Brooklyn | 2005 | borrower's primary residence |

(Title 18, United States Code, Sections 1344 and 2.)

**COUNTS TWELVE THROUGH FIFTEEN**

**(False Statements to Lenders)**

The Grand Jury further charges:

18. The allegations set forth in paragraphs 1 through 17 are repeated and realleged herein.

19. On or about the dates set forth below, in the Southern District of New York and elsewhere, the below-named defendants knowingly made false statements and reports, for the purpose of influencing in any way the action of an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, upon an application, advance, purchase, purchase agreement, commitment, and loan, namely, the below-named defendants made, and aided and abetted others to make, false statements, including but not limited to the false statements

listed below, to the following entities in order to obtain loans, as set forth below:

| Count | DEFENDANT(S) | Lender | Loan/ Property | Date(s) | False Statement(s) |
|---|---|---|---|---|---|
| 12 | YEHUDA RUBIN<br>RACHEL RUBIN | Bank of America | mortgage/ 5 Kosnitz Drive, Monroe, New York | 8/1/07 | RACHEL RUBIN is owner of Tristate Management; RACHEL RUBIN's monthly salary at Tristate Management is $14,000/month |
| 13 | YEHUDA RUBIN | National City Bank | second mortgage/ 53 West 119th Street, New York, New York | 7/2/07 | YEHUDA RUBIN's primary residence 53 West 119th St.; YEHUDA RUBIN employed for four years at Tristate Management, earning $32,000/month |
| 14 | YEHUDA RUBIN<br>DESIREE RUBIN | Bank of America | mortgage/ 418 Lafayette Ave., Brooklyn, New York | 12/4/06 | DESIREE RUBIN's primary residence 418 Lafayette Ave.; DESIREE RUBIN employed for three years as owner of Tristate Management, earning $15,000/month |
| 15 | IRVING RUBIN | Credit Suisse First Boston Fin. Corp. | Mortgage/ 872 Bedford Ave., Unit 2, Brooklyn, New York | 8/4/05 | IRVING RUBIN's primary residence 872 Bedford Ave., Unit 2, Brooklyn |

(Title 18, United States Code, Sections 1014 and 2.)

COUNT SIXTEEN

(Aggravated Identity Theft)

The Grand Jury further charges:

20. The allegations set forth in paragraphs 1 through 19 are repeated and realleged herein.

21. In or about 2012, in the Southern District of New York and elsewhere, JOEL KOPPEL, the defendant, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), knowingly transferred, possessed, and used, without lawful authority, means of identification of other persons, to wit, JOEL KOPPEL, submitted or caused to be submitted fake lease agreements using the real names and purported signatures of purported tenants without their knowledge or consent, in connection with an application by KOPPEL to obtain a loan, during and in relation to the commission of the conspiracy to commit bank fraud and wire fraud charged in Count One of this Indictment.

(Title 18, United States Code, Section 1028A.)

COUNTS SEVENTEEN THROUGH TWENTY-ONE

(Theft of Public Money)

The Grand Jury further charges:

22. The allegations set forth in paragraphs 1 through 21 are repeated and realleged herein.

23. On or about the dates set forth below, in the Southern District of New York and elsewhere, the below-named defendants

knowingly did embezzle, steal, purloin, and convert to his or her own use and the use of others, vouchers, money, and things of value of the United States and of departments and agencies thereof, the value of such property exceeding the sum of $1,000, and did receive, conceal, and retain the same with intent to convert them to his or her own use and gain, knowing them to have been embezzled, stolen, purloined, and converted, and did attempt to do so, to wit, the below-named defendants falsely reported and omitted information about their income, assets, and or other financial information to obtain Medicaid and Food Stamps benefits to which they were not entitled:

| Count | DEFENDANT(S) | Benefit(s) | Dates | Approximate Amount of Public Money Received |
|---|---|---|---|---|
| 17 | YEHUDA RUBIN<br>RACHEL RUBIN | Medicaid | 2005-2006, 2010-2013 | $43,863 |
| 18 | PINCHUS GLAUBER | Food Stamps | 2009-2014 | $60,400 |
| 19 | JOEL RUBIN<br>RIVKY RUBIN | Medicaid<br>Food Stamps | 2010-2014 | $173,707 |
| 20 | HERMAN MAUSKOPF | Medicaid | 2009-2014 | $138,311 |
| 21 | SAMUEL RUBIN | Medicaid<br>Food Stamps | 2000-2014 | $279,844 |

(Title 18, United States Code, Sections 641 and 2.)

**FORFEITURE ALLEGATION: COUNTS ONE AND TWO**

24. As a result of committing the offenses alleged in Counts One and Two of the Indictment, IRVING RUBIN, a/k/a "Joseph Rubin," YEHUDA RUBIN, a/k/a "Yidel Rubin," PINCHUS GLAUBER, MARTIN KOFMAN, JOEL KOPPEL, a/k/a "Yoel Koppel," a/k/a "Joel Kopple," BENZION KRAUS, a/k/a "Benzion Krauz," a/k/a "Benzion Krause," ABRAHAM RUBIN, DESIREE RUBIN, a/k/a "Henchy Rubin," JACOB RUBIN, a/k/a "Yaakov Rubin," JOEL RUBIN, a/k/a "Yoel Rubin," RACHEL RUBIN, a/k/a "Ruchy Rubin," RIFKA RUBIN, a/k/a "Sura Rubin," RIVKY RUBIN, a/k/a "Rivka Rubin," and SAMUEL RUBIN, a/k/a "Shaye Rubin," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of such offenses, including, but not limited to, a sum of United States currency equal to at least $21,377,000 in United States currency, representing the amount of proceeds obtained as a result of the offenses charged in Counts One and Two of the Indictment, and all right, title and interest in the following specific property:

a. All that lot or parcel of land, together with its buildings, appurtenances, improvements,

fixtures, attachments and easements, located at 418 Lafayette Avenue, Brooklyn, New York 11238;

b. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 366 South 5th Street, Brooklyn, New York 11211;

c. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 95-99 Skillman Street, Brooklyn, New York 11205;

d. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 103-105 Skillman Street, Unit 7R, Brooklyn, New York 11205;

e. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 374 South 5th Street, Brooklyn, New York 11211;

f. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 63 South 4th Street, Brooklyn, New York 11249;

g. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 53 West 119th Street, New York, New York 10026;

h. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 5 Kosnitz Drive, Unit 302, Monroe, New York 10950;

i. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 35 Vernon Avenue, Brooklyn, New York 11206;

j. All that lot or parcel of land, together with its buildings, appurtenances, improvements,

fixtures, attachments and easements, located at 863 Hancock Street, Brooklyn, New York 11233;

k. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 268 Wallabout, Unit 1A, Brooklyn, New York 11206;

l. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 119 Hart Street, Brooklyn, New York 11206;

m. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 858 Bedford Avenue, Apt. 1, Brooklyn, New York 11205;

n. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 860 Bedford Avenue, Apt. 1, Brooklyn, New York 11205;

o. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 860 Bedford Avenue, Apt. 2, Brooklyn, New York 11205;

p. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 872 Bedford Avenue, Apt. 2, Brooklyn, New York 11205;

q. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 872 Bedford Avenue, Apt. 3, Brooklyn, New York 11205;

r. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 874 Bedford Avenue, Apt. 3R, Brooklyn, New York 11205;

s. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 322 South 4th Street, Brooklyn, New York 11211;

t. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 115 Hart Street, Brooklyn, New York 11206;

u. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 9720 Kings Highway, Brooklyn, New York 11212;

v. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 128 Heyward Avenue, 1st Floor, Brooklyn, New York 11206;

w. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 656 Metropolitan Avenue, Brooklyn, New York 11211; and

x. Any and all funds on deposit in Account Number 6500442107, held in the name of 95 Skillman Realty, LLC, at Peoples United Bank.

y. Any and all funds on deposit in Account Number 167931160, at J.P. Morgan Chase Bank.

**FORFEITURE ALLEGATION: COUNTS THREE THROUGH ELEVEN**

25. As a result of committing one or more of the offenses alleged in Counts Three through Ten of the Indictment, IRVING RUBIN, a/k/a "Joseph Rubin," YEHUDA RUBIN, a/k/a "Yidel Rubin," JOEL KOPPEL, DESIREE RUBIN, a/k/a "Henchy Rubin," JOEL RUBIN, a/k/a "Yoel Rubin," and RACHEL RUBIN, a/k/a "Ruchy Rubin," the defendants, shall forfeit to the United States, pursuant to

Title 18, United States Code, Section 982(a)(2), all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of such offenses, including, but not limited to, a sum of United States currency equal to at least $3,088,000 in United States currency, representing the amount of proceeds obtained as a result of the offenses charged in Counts Three through Eleven of the Indictment, and all right, title and interest in the following specific property:

a. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 418 Lafayette Avenue, Brooklyn, New York 11238;

b. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 103-105 Skillman Street, Unit 7R, Brooklyn, New York 11205;

c. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 53 West 119th Street, New York, New York 10026;

d. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 5 Kosnitz Drive, Unit 302, Monroe, New York 10950;

e. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 872 Bedford Avenue, Apt. 2, Brooklyn, New York 11205;

f. All that lot or parcel of land, together with its buildings, appurtenances, improvements,

fixtures, attachments and easements, located at 115 Hart Street, Brooklyn, New York 11206; and

g. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 119-121 Hart Street, Brooklyn, New York 11206.

**Substitute Assets Provision**

26. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(i) cannot be located upon the exercise of due diligence;

(ii) has been transferred or sold to, or deposited with, a third party;

(iii) has been placed beyond the jurisdiction of the court;

(iv) has been substantially diminished in value; or

(v) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 982(a)(2); Title 21, United States, Section 853(p).)

**FORFEITURE ALLEGATION: COUNTS TWELVE THROUGH FIFTEEN**

27. As a result of committing one or more of the offenses alleged in Counts Twelve through Fifteen of the Indictment,

IRVING RUBIN, a/k/a "Joseph Rubin," YEHUDA RUBIN, a/k/a "Yidel Rubin," DESIREE RUBIN, a/k/a "Henchy Rubin," and RACHEL RUBIN, a/k/a "Ruchy Rubin," the defendants, shall forfeit to the United States, pursuant to Title 7, United States Code, Section 2024(h), Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of such offenses, including, but not limited to, a sum of United States currency equal to at least $1,435,000 in United States currency, representing the amount of proceeds obtained as a result of the offenses charged in Counts Twelve through Fifteen of the Indictment, and all right, title and interest in the following specific property:

a. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 418 Lafayette Avenue, Brooklyn, New York 11238;

b. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 53 West 119th Street, New York, New York 10026;

c. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 5 Kosnitz Drive, Unit 302, Monroe, New York 10950; and

d. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 872 Bedford Avenue, Apt. 2, Brooklyn, New York 11205.

FORFEITURE ALLEGATION: COUNT SIXTEEN

28. As a result of committing the offense alleged in Count Sixteen of the Indictment, JOEL KOPPEL, a/k/a "Yoel Koppel," a/k/a "Joel Kopple," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of such offense, including, but not limited to, a sum of United States currency equal to at least $487,000 in United States currency, representing the amount of proceeds obtained as a result of the offense charged in Count Sixteen of the Indictment.

FORFEITURE ALLEGATION: COUNTS SEVENTEEN THROUGH TWENTY-ONE

29. As a result of committing the offenses alleged in Counts Seventeen through Twenty-One of the Indictment, YEHUDA RUBIN, a/k/a "Yidel Rubin," PINCHUS GLAUBER, JOEL RUBIN, a/k/a "Yoel Rubin," RACHEL RUBIN, a/k/a "Ruchy Rubin," RIVKY RUBIN, a/k/a "Rivka Rubin," HERMAN MAUSKOPF, and SAMUEL RUBIN, a/k/a "Shaye Rubin," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of such offenses, including, but not limited to, a sum of United States currency representing the amount of proceeds obtained as a result of the

offenses charged in Counts Seventeen through Twenty-One of the Indictment.

## Substitute Assets Provision

30. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(i) cannot be located upon the exercise of due diligence;

(ii) has been transferred or sold to, or deposited with, a third party;

(iii) has been placed beyond the jurisdiction of the court;

(iv) has been substantially diminished in value; or

(v) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

(Title 18, United States Code, Sections 981 and 982;
Title 21, United States, Section 853(p);
Title 28, United States Code, Section 2461(c).)

[redacted]
FOREPERSON

Preet Bharara
PREET BHARARA
United States Attorney